T.C. Memo. 2010-23

UNITED STATES TAX COURT


LEE E. AND KATHY H. NEWELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26844-06.              Filed February 16, 2010.


<u>Edward I. Kaplan</u>, for petitioners.

<u>Andrew R. Moore</u>, for respondent.


MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  Respondent determined deficiencies in

Federal income tax and an addition to tax under section

6651(a)(1)[1] as follows:

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and

(continued...)

|       |             | Addition to tax |
| Year  | Deficiency[1] | sec. 6651(a)(1) |
|-------|-------------|-----------------|
| 1996  | $72,145     | -0-             |
| 1997  | 846,531     | -0-             |
| 2001  | 473,380     | $47,338         |
| 2002  | 229,565     | -0-             |
| 2003  | 336,821     | -0-             |

[1]The years in dispute are 2001, 2002, and 2003. The deficiencies determined for 1996 and 1997 reflect solely the disallowance of net operating losses from the years in dispute.

The only issue for decision is whether the managing member interest of petitioner husband Lee E. Newell (petitioner husband) in a California limited liability company (L.L.C.) that is classified as a partnership for Federal income tax purposes is a limited partnership interest as a limited partner for purposes of applying the passive activity rules under section 469 and related regulations.[2] We hold that it is not.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. We incorporate the stipulation of facts into our findings by this reference. On the date they petitioned this Court, petitioners resided in California.

_____

[1](...continued)
all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties stipulated that the sec. 6651(a)(1) addition to tax applies to any deficiency determined for 2001. Because we conclude that petitioners are not liable for the deficiency determined for any of the years at issue, petitioners are not liable for the addition to tax.

Petitioner husband is an attorney licensed in Florida, but he does not practice law. His primary business activity involves the management of real estate investments. He spends more than 50 percent of his time and more than 750 hours annually in real property trade or business activities.

During 2001, 2002, and 2003 (years at issue) petitioner husband owned all of the stock in California Custom Millworks, Inc. (Millworks), an S corporation. Millworks' business included manufacturing and installing windows, cabinets, doors, trim, and other items of carpentry.

During the years at issue petitioner husband actively engaged in the conduct of the trade or business of Millworks as follows:

| Year | Hours |
|------|-------|
| 2001 | 250 |
| 2002 | 300 |
| 2003 | 350 |

His participation in the trade or business of Millworks was a significant participation activity as defined by section 1.469-5T(c), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988). During the years at issue Millworks incurred losses that were distributed to petitioner husband and deducted by petitioners on their Federal income tax returns.[3] Respondent

---

[3]In 2005 Millworks filed for bankruptcy "in which all its assets were disposed, and then liquidated."

does not challenge the amount of the losses, which were as follows:

| Year | Loss |
|------|------|
| 2001 | $458,379 |
| 2002 | 1,270,452 |
| 2003 | 798,431 |

During the years at issue petitioner husband also owned 33 percent of the member interests in Pasadera Country Club, L.L.C. (Pasadera). Pasadera was formed in 1999 as an L.L.C. under California law to engage in the business of owning and operating a golf course, restaurant, and country club facility. Pasadera is classified as a partnership for Federal income tax purposes.

At all relevant times petitioner husband was the managing member of Pasadera[4] and was responsible for hiring and firing all management personnel. As the managing member, he also oversaw the construction of Pasadera's 38,000-square-foot clubhouse; created and administered all membership programs, including advertising and reviewing and approving membership applications; and reviewed, approved, and signed all checks for expenses incurred in the construction and operation of Pasadera. He was

---

[4]The parties stipulated that petitioner husband was the managing member of Pasadera during the years at issue. The First Amended and Restated Limited Liability Company Operating Agreement of Pasadera in effect during the years at issue (operating agreement) stated that the managing member of Pasadera was NCDG Golf, L.L.C. (NCDG Golf). Petitioner husband, as president of NCDG Golf, signed the operating agreement as the managing member.

also responsible for annual filings with State and county agencies and for any liquor license, compliance, or other legal issues of Pasadera.

Petitioner husband negotiated all construction and permanent loans for Pasadera and was personally liable for those loans. As of the date on which the parties submitted the stipulation of facts, petitioner husband remained personally liable for Pasadera's outstanding loan obligations. If Pasadera experienced an operational cash shortfall, he, along with two other members of Pasadera, provided funding to cover the shortfall.

Petitioner husband actively engaged in the conduct of the trade or business of Pasadera as follows:

| Year | Hours |
|------|-------|
| 2001 | 450 |
| 2002 | 400 |
| 2003 | 400 |

Pasadera incurred losses in each of the years at issue. Petitioner husband's distributive shares of the losses, the amounts of which respondent does not dispute, were as follows:

| Year | Loss |
|------|------|
| 2001 | $1,882,125 |
| 2002 | 2,104,000 |
| 2003 | 2,034,394 |

Petitioners deducted the losses on their 2001-03 joint Federal income tax returns.

Respondent examined petitioners' 2001-03 income tax returns and determined that the losses from both Millworks and Pasadera had been incurred in a passive activity under section 469 and that the Millworks and Pasadera losses petitioners claimed in each of the years at issue "are suspended and not currently deductible" under section 469(a)(1). Respondent issued to petitioners a notice of deficiency reflecting the determinations. As a further consequence of respondent's disallowance of the passive activity losses for the years at issue, respondent disallowed petitioners' claimed net operating loss carrybacks to 1996 and 1997 in the notice of deficiency. Petitioners timely petitioned this Court.

## Discussion

### A. Passive Activity Losses in General

Generally, losses incurred in a trade or business are deductible by a taxpayer under section 165(c)(1). However, the deduction of a passive activity loss[5] is suspended, i.e., the loss is not deductible in the year incurred, but it may be carried forward to the next taxable year. Sec. 469(a)(1), (b).

A passive activity is any activity that involves the conduct of a trade or business in which the taxpayer does not materially

---

[5]Sec. 469(d)(1) defines a passive activity loss as the amount by which the aggregate losses from all passive activities for the taxable year exceed the aggregate income from all passive activities for the year.

participate.  Sec. 469(c)(1).  A taxpayer materially participates in an activity if the taxpayer is involved in the operations of the activity on a regular, continuous, and substantial basis. Sec. 469(h)(1).

When it enacted section 469, Congress authorized the Secretary to prescribe regulations that specify what constitutes material participation for purposes of section 469.  Sec. 469(l)(1).  Pursuant to that grant of authority, in 1988 the Secretary promulgated temporary regulations under section 469 that apply to the years at issue.  Secs. 1.469-1T through 1.469-11T, Temporary Income Tax Regs., 53 Fed. Reg. 5686 (Feb. 25, 1988).[6]

The temporary regulations promulgated under section 469 provide seven tests for determining whether an individual shall be treated as materially participating in an activity.[7]  Sec.

---

[6]Sec. 7805(e)(2), which was enacted in 1988, provides:  "Any temporary regulation shall expire within 3 years after the date of issuance of such regulation."  It applies to any temporary regulation issued after Nov. 20, 1988.  Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6232(b), 102 Stat. 3735.  The sec. 469 temporary regulations were issued on Feb. 19, 1988, before the effective date of sec. 7805(e).

[7]The seven tests in the temporary regulations are as follows:

> (1) The individual participates in the activity for more than 500 hours during such year;

> (2) The individual's participation in the activity for the taxable year constitutes substantially all of
> (continued...)

1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb.

25, 1988). The parties agree that the only material

participation test under the temporary regulations applicable to

---

[7](...continued)
the participation in such activity of all individuals
(including individuals who are not owners of interests
in the activity) for such year;

(3) The individual participates in the activity
for more than 100 hours during the taxable year, and
such individual's participation in the activity for the
taxable year is not less than the participation in the
activity of any other individual (including individuals
who are not owners of interests in the activity) for
such year;

(4) The activity is a significant participation
activity (within the meaning of paragraph (c) of this
section) for the taxable year, and the individual's
aggregate participation in all significant
participation activities during such year exceeds 500
hours;

(5) The individual materially participated in the
activity (determined without regard to this paragraph
(a)(5)) for any five taxable years (whether or not
consecutive) during the ten taxable years that
immediately precede the taxable year;

(6) The activity is a personal service activity
(within the meaning of paragraph (d) of this section),
and the individual materially participated in the
activity for any three taxable years (whether or not
consecutive) preceding the taxable year; or

(7) Based on all of the facts and circumstances
(taking into account the rules in paragraph (b) of this
section), the individual participates in the activity
on a regular, continuous, and substantial basis during
such year.

Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725
(Feb. 25, 1988).

petitioner husband's Millworks and Pasadera activities is the significant participation activity test under section 1.469-5T(a)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988). Under that test (1) the activity must be a significant participation activity for the taxable year, and (2) the individual's aggregate participation in all significant participation activities during the year must exceed 500 hours. Id. An activity is a significant participation activity only if (1) the activity is a trade or business, (2) the individual participates in the activity for more than 100 hours during the year, and (3) the individual cannot establish material participation under any of the other material participation tests in the regulations. Sec. 1.469-5T(c), Temporary Income Tax Regs., supra.

B. The Parties' Arguments

The parties agree that petitioner husband's participation in Millworks and Pasadera satisfies the significant participation activity test of section 1.469-5T(a)(4), Temporary Income Tax Regs., supra. Despite this agreement, respondent argues that section 469(h)(2) requires petitioner husband's interest in Pasadera, a California L.L.C., to be treated as an interest with respect to which he does not materially participate. Respondent contends that under section 469(h)(2), which sets forth a special rule for "interests in a limited partnership as a limited

partner", and section 1.469-5T(e), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988), petitioner husband's member interest in Pasadera is treated as a limited partnership interest as defined under section 1.469-5T(e)(3)(i)(B), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988), and is subject to the restriction contained in section 1.469-5T(e)(1), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988). Respondent's argument assumes that petitioner husband held a limited partnership interest in Pasadera <u>as a limited partner</u>.

C.   <u>Special Rule for Limited Partnership Interests</u>

Section 469(h)(2) provides:  "Interests in limited partnerships.--Except as provided in regulations, no interest in a limited partnership as a limited partner shall be treated as an interest with respect to which a taxpayer materially

participates."[8]  Section 1.469-5T(e), Temporary Income Tax Regs.,

supra,[9] provides:

> (e) Treatment of limited partners--(1) General rule.  Except as otherwise provided in this paragraph (e), an individual shall not be treated as materially participating in any activity of a limited partnership for purposes of applying section 469 and the regulations thereunder to--

> (i) The individual's share of any income, gain, loss, deduction, or credit from such activity that is attributable to a limited partnership interest in the partnership; and

> (ii) Any gain or loss from such activity recognized upon a sale or exchange of such an interest.

>     *       *       *       *       *       *       *

> (3) Limited partnership interest--(i) In general. * * * for purposes of section 469(h)(2) and this paragraph (e), a partnership interest shall be treated as a limited partnership interest if--

---

[8]The temporary regulations under sec. 469 provide that an individual is not subject to sec. 469(h)(2) if:  (1) The individual participates in the activity for more than 500 hours during the year; (2) the individual materially participated in the activity for any 5 taxable years (whether or not consecutive) during the 10 taxable years that immediately precede the taxable year; or (3) the activity is a personal service activity, which is an activity in the fields of health, law, engineering, architecture, accounting, actuarial science, performing arts, consulting, or any other trade or business in which capital is not a material income-producing factor, and the individual materially participated in the activity for any 3 taxable years (whether or not consecutive) preceding the taxable year.  Sec. 1.469-5T(e)(2), (a)(1), (5), (6), (d), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988).  None of the exceptions applies in this case.

[9]Petitioners do not challenge the validity of sec. 1.469-5T, Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988).

(A) Such interest is designated a limited partnership interest in the limited partnership agreement or the certificate of limited partnership, without regard to whether the liability of the holder of such interest for obligations of the partnership is limited under the applicable State law; or

(B) The liability of the holder of such interest for obligations of the partnership is limited under the law of the State in which the partnership is organized, to a determinable fixed amount (for example, the sum of the holder's capital contributions to the partnership and contractual obligations to make additional capital contributions to the partnership).

By its terms section 469(h)(2) applies only if the taxpayer has an interest in a limited partnership as a limited partner. See Garnett v. Commissioner, 132 T.C. __ (2009). In Garnett we held that an interest in an Iowa L.L.C. was not an "interest in a limited partnership as a limited partner" within the meaning of section 469(h)(2) or the regulations thereunder. Id. at __, __ (slip op. at 22-23, 27). In so doing we recognized that Congress enacted section 469(h)(2) to address the statutory constraints on a limited partner's ability to participate in the partnership's business and that a member of an Iowa L.L.C. was not similarly constrained. Id. at __ (slip op. at 21-23). Because a member of an Iowa L.L.C., unlike a limited partner, was not prohibited by State law from participating in the partnership's business and more closely resembled a general partner, we concluded that a member of an Iowa L.L.C. came within the general partner exception of section 1.469-5T(e)(3)(ii), Temporary Income Tax

Regs., _supra_.  Consequently, we held that the special rules of section 469(h)(2) did not apply to an interest in an Iowa L.L.C.

We turn then to petitioner husband's interest in Pasadera. Pasadera was formed as an L.L.C. under California law.  Under California law, a member of an L.L.C. may participate in the management of the L.L.C.  Cal. Corp. Code sec. 17150 (West 2006).[10]  Moreover, under Pasadera's operating agreement, the managing member has the right to participate in the management of the L.L.C.[11]  Petitioner husband was permitted to participate in the management of Pasadera by California law, and he was required to do so by the operating agreement.  In contrast, under California law, a limited partner in a California limited partnership will lose his limited liability if he participates in managing the limited partnership.  See Cal. Corp. Code sec. 15507(a) (West 2006).

Respondent concedes that petitioner husband substantially participated in managing Pasadera as its managing member. Respondent argues, however, that petitioner husband's interest in Pasadera was a limited partnership interest as that term is

---

[10]In addition, no member of an L.L.C. is personally liable for any debt, obligation, or liability of the L.L.C. solely by reason of being a member thereof.  Cal. Corp. Code sec. 17101(a) (West 2006).

[11]Although petitioner husband was personally liable for some loans of Pasadera, those obligations, as respondent points out, do not alter the fact that petitioner husband's liability as a member of Pasadera was limited to a determinable fixed amount.

defined in section 1.469-5T(e)(3)(i)(B), Temporary Income Tax Regs., supra, and consequently, section 469(h)(2) applies to his interest. In support of his argument, respondent notes, and petitioners do not dispute, that Pasadera is treated as a partnership for Federal tax purposes under section 301.7701-3(a) and (b), Proced. & Admin. Regs., and that petitioner husband enjoys limited liability under California law.

We reject respondent's argument. Respondent's argument fails to recognize that in order for section 469(h)(2) to apply at all, petitioner husband must have held an ownership interest in a limited partnership as a limited partner. See Garnett v. Commissioner, supra; Gregg v. United States, 186 F. Supp. 2d 1123 (D. Or. 2000). Petitioner husband did not. As we emphasized in Garnett, an L.L.C. is a hybrid form of business entity that shares some of the characteristics of a partnership and some of the characteristics of a corporation. Garnett v. Commissioner, supra at __ (slip op. at 14); see also 1 Bromberg & Ribstein, Partnership, sec. 1.01(b)(4) (1996). Members of a California L.L.C. can participate directly in management, but they also enjoy limited liability for company debts and liabilities under California law.[12] If we analogize a California L.L.C. to a limited partnership, the members of a California L.L.C. more

_____

[12]Nevertheless, petitioner husband obligated himself personally for Pasadera's outstanding loan obligations.

closely resemble general partners than limited partners.  This is particularly true with respect to petitioner husband, who was the managing member of Pasadera.  In that capacity he managed the day-to-day operations of Pasadera, functioning just as a general partner would function in a limited partnership.

In Garnett v. Commissioner, supra, we did not decide whether an interest in an Iowa L.L.C. could be treated as an interest in a limited partnership for purposes of section 469 and the temporary regulations.[13]  Instead, we focused our analysis on whether a member in an L.L.C. holds his membership interest "as a limited partner".  Specifically, we examined whether a member in

---

[13]In Thompson v. United States, 87 Fed. Cl. 728, 734 (2009), which was decided after we issued our Opinion in Garnett v. Commissioner, 132 T.C. ___ (2009), the U.S. Court of Federal Claims examined sec. 1.469-5T(e)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988), and concluded that sec. 1.469-5T(e)(3)(i)(B), Temporary Income Tax Regs., supra, "literally requires that the ownership interest be in a business entity that is, in fact, a partnership under state law--not merely taxed as such under the Code."  Because the cited portion of the regulation was unambiguous, the Court of Federal Claims concluded that it had to enforce the regulation's plain meaning.  Thompson v. United States, supra at 734.  Moreover, because sec. 469(h)(2) refers to an interest in a partnership "as a limited partner", the Court of Federal Claims concluded that "the taxpayer must actually be a limited partner" for the prohibition of sec. 469(h)(2) to apply.  Id.  The Court of Federal Claims held that (1) once sec. 1.469-5T(e)(3), Temporary Income Tax Regs., supra, "is read in context and with due regard to its text, structure, and purpose, it becomes abundantly clear that it is simply inapplicable to a membership interest in an LLC", and (2) even if the regulation could apply to the taxpayer, the taxpayer's interest "would best be categorized as a general partner's interest under §1.469-5T(e)(3)(ii)".  Id. at 738 (citing Garnett v. Commissioner, supra at __ (slip op. at 23), with approval).

an L.L.C. qualifies for the general partner exception set forth in section 1.469-5T(e)(3)(ii), Temporary Income Tax Regs., supra.

Section 1.469-5T(e)(1), Temporary Income Tax Regs., supra, sets forth the general rule that a limited partner shall not be treated as materially participating in any activity of a limited partnership for purposes of applying section 469 and the regulations thereunder. However, section 1.469-5T(e)(3)(ii), Temporary Income Tax Regs., supra, provides:

> (ii) Limited partner holding general partner interest.--A partnership interest of an individual shall not be treated as a limited partnership interest for the individual's taxable year if the individual is a general partner in the partnership at all times during the partnership's taxable year ending with or within the individual's taxable year (or the portion of the partnership's taxable year during which the individual (directly or indirectly) owns such limited partnership interest).

As we pointed out in Garnett v. Commissioner, 132 T.C. at __ (slip op. at 18), the general partner exception of section 1.469-5T(e)(3)(ii), Temporary Income Tax Regs., supra, is not expressly confined to the situation where a limited partner also holds a general partnership interest. The exception provides that an individual who is a general partner is not restricted from claiming that he materially participated in the partnership. After examining the legislative history of section 469 and taking into account the lack of any prohibition regarding participation in management under State law, we concluded that the general partner exception was broad enough to cover the activity of a

taxpayer who holds an interest in an L.L.C. and is authorized by State law to participate in managing the L.L.C. Garnett v. Commissioner, supra at __ (slip op. at 20-23). We held that the taxpayers who were members of an Iowa L.L.C. held their membership interests in the L.L.C. as "general partners" within the meaning of the temporary regulations. Id.

The same reasoning applies to a membership interest in a California L.L.C. And, because the membership interest at issue here is held by the managing member, the reasoning is even more compelling. Unlike the taxpayers in Garnett, whose exact roles in the management of the L.L.C.s were not fleshed out, the parties stipulated that petitioner husband was the L.L.C.'s managing member and, as such, he actively and substantially participated in its management during 2001-03. In addition to the authority conferred by California law to participate in the L.L.C.'s management, petitioner husband was expressly authorized by the operating agreement to act on the L.L.C.'s behalf and to manage the L.L.C.'s operations. In fact, the parties stipulated that petitioner husband handled the day-to-day operations of Pasadera, including hiring and firing employees, negotiating loan agreements and other contracts, overseeing construction, administering membership programs, and reviewing, approving, and signing all checks. As the managing member of the L.L.C., petitioner husband functioned as the substantial equivalent of a

general partner in a limited partnership.  See <u>id</u>. at __ (slip op. at 22).

In view of the above and consistent with <u>Garnett</u>, we conclude that petitioner husband comes within the general partner exception of section 1.469-5T(e)(3)(ii), Temporary Income Tax Regs., <u>supra</u>, and consequently did not hold his managing member interest in Pasadera, a California L.L.C., as a limited partner. Because section 469(h)(2) does not apply to petitioner husband's membership interest in Pasadera and because respondent concedes that petitioner husband otherwise met the requirements of the significant participation activity test under section 1.469-5T(a)(4), Temporary Income Tax Regs., <u>supra</u>, petitioner husband's Pasadera activity was a significant participation activity for the years at issue, and his aggregate participation in all significant participation activities (Millworks and Pasadera) in each of the years at issue exceeded 500 hours.  Thus, under the significant participation test of section 1.469-5T(a)(4), Temporary Income Tax Regs., <u>supra</u>, petitioner husband is treated as materially participating in Millworks and Pasadera during the years 2001-03.  We hold therefore that petitioners properly deducted their Millworks and Pasadera losses for 2001-03.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioners</u>.